UNITED STATES

**JUDGMENT**    FILED

V.

CASE NO. 3:16-CR-106(RNC)   P  2: 5 7
USM: 20823-014

ROBERT V. GENTILE

DISTRICT COURT

Government's Counsel:
John H. Durham
United States Attorney
157 Church Street, 23rd Floor
New Haven, Connecticut 06510

Defendant's Counsel:
Ryan McGuigan
Rome McGuigan, P.C.
One State Street, 13th Floor
Hartford, Connecticut 06103

The defendant pleaded guilty to Counts One and Two of the Indictment. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Possession of Firearm by a Convicted Felon | May 2, 2016 | One |
| 26 U.S.C. §§ 5841, 5845(a)(7), 5861(d) and 5871 | Illegal Possession of an Unregistered Silencer | May 2, 2016 | Two |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court departs downward to give effect to the plea agreement and in view of the defendant's advanced age and infirmities.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 42 months on each count of conviction to run concurrently with each other and with the sentence imposed in 3:15-CR-67(RNC)(D. Conn. Feb. 27, 2018).

**RECOMMENDATIONS TO THE BUREAU OF PRISONS**

The Court recommends that the defendant be designated to serve his term of incarceration at FCI Butner.

## SUPERVISED RELEASE

The defendant will be on supervised release for a term of three years on each count of conviction to run concurrently with each other and with the supervised release term imposed in 3:15-CR-67(RNC)(D. Conn. Feb. 27, 2018), subject to the mandatory and standard conditions of supervised release set forth below. In addition, the following special conditions are imposed:

1. The defendant will serve the first six months of supervised release on home detention with radio frequency monitoring. The defendant will not leave his home except to obtain medical treatment for himself or his wife, to participate in religious activities, and at such other times as are approved in advance by the United States Probation Office.

2. The defendant will not possess a firearm, ammunition, or other dangerous weapon.

3. The defendant will submit his person, residence, workplace and vehicle to a search, conducted by or on behalf of the Probation Office at a reasonable time and in a reasonable manner, based on reasonable suspicion the search will disclose evidence of a violation of a condition of his supervised release.

4. The defendant will participate in a program of mental health evaluation, counseling and treatment recommended by the Probation Office and approved by the Court. The defendant will pay all or part of the costs of this treatment based on his ability to pay as recommended by the Probation Office and approved by the Court.

## MONETARY PENALTIES

The defendant will pay a special assessment of $100 on each count for a total of $200.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the special assessments imposed by this judgment are paid.

**DATE: February 27, 2018**
Date of Imposition of Sentence

/s/ Judge Robert N. Chatigny

Robert N. Chatigny, United States District Judge
Date: March 9, 2018

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

> ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) You must follow the instructions of the probation officer related to the conditions of supervision.


Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
              Defendant                                                                                      Date

            _____     _____
              U.S. Probation Officer/Designated Witness                          Date


**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
     Deputy Clerk


**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.


                                        _____
                                            Brian Taylor
                                  Acting United States Marshal

                        By    _____
                                         Deputy Marshal